UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SLOAN P. STANLEY,

Petitioner,

v.

JEFFREY UTTECHT,

Respondent.

CASE NO. 3:20-cv-05399-JCC-JRC

ORDER FOR SERVICE AND ANSWER, § 2254 PETITION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the **Coyote Ridge Corrections Center** and is subject to the Court's Electronic E-Filing Program pursuant to General Orders 02-15 and 06-16.

Petitioner initially filed a motion for declaratory relief (Dkt. 7), which the undersigned informed petitioner was not appropriate because petitioner sought to invalidate a criminal statute under which he had been convicted. *See* Dkt. 10, at 2. In response to the Court's Order, petitioner has now stated that he wishes to proceed in habeas (Dkt. 18, at 1) and has filed a §

2254 habeas petition, which explicitly incorporates the arguments raised in petitioner's motion for declaratory relief. *See* Dkt. 16.

The Court has not ruled on petitioner's motion for declaratory relief, which petitioner now refers to as providing the legal arguments that form the basis for his habeas corpus petition. *See* Dkt. 16, at 5. A habeas corpus petition may incorporate by reference a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). Therefore, the motion for declaratory relief may be properly considered as a supporting brief related to the habeas petition (Dkt. 16), and the Court will treat it as such. The Court will consider the merits of the arguments raised in the motion for declaratory relief (Dkt. 7) and in petitioner's supplement (Dkt. 17) after respondent has appeared and when issuing a report and recommendation on the merits of petitioner's habeas petition.

Finally, the Court notes that petitioner names the State of Washington as respondent. But the correct respondent is the person having custody of petitioner—the warden of the Coyote Ridge Corrections Center. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under § 2254); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). Among other things, petitioner argues that he is "in custody" because of the effect of his current sentence, which was enhanced by his prior sentence. Therefore, it would appear that the superintendent of the Coyote Ridge Corrections Center, Jeffrey Uttecht, is the appropriate respondent. *Accord Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, No. CV 14-04494-VBF-MAN, 2014 WL 2772705, at *1 (C.D. Cal. June 18, 2014). If any party believes that Mr. Uttecht is not the proper respondent, the party shall file a motion to substitute the correct respondent.

In sum, the Clerk's Office shall strike the noting date for the motion for declaratory relief (Dkt. 7), the arguments in which will be construed as part of the habeas petition, and shall

substitute Mr. Uttecht as respondent. Moreover, the Court, having reviewed petitioner's federal habeas petition (Dkt. 16) and supporting briefs (Dkts. 7 and 17), hereby finds and ORDERS as follows:

(1) The Clerk is directed to issue the Notice of Option of Consent to Magistrate Judge J. Richard Creatura.

(2) The Clerk shall arrange for service by e-mail upon respondent and upon the Attorney General of the State of Washington, copies of the petition, all documents in support thereof (including Dkts. 7, 17), this Order, and the Notice of Option of Consent. The Clerk shall also direct a copy of this Order, the Notice of Option of Consent, and the Court's *pro se* instruction sheet to petitioner.

(2) Within ***forty-five (45) days*** after such service, respondent(s) shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts. As part of such answer, respondent(s) shall state whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent(s) shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent(s) shall file the answer with the Clerk of the Court and serve a copy of the answer on petitioner.

(3) The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, respondent(s) shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent(s) may file and serve a reply not later than the Friday designated for consideration of the matter.

(4) Filing by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Petitioner shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Petitioner shall indicate the date the document is submitted for e-filing as the date of service.

(5) Motions

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

(6) Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

Dated this 7th day of December, 2020.

J. Richard Creatura
United States Magistrate Judge