1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  SLOAN P. STANLEY,

11              Petitioner,        CASE NO. 3:20-cv-05399-JCC-JRC

12        v.                       REPORT AND RECOMMENDATION

13  JEFFREY UTTECHT,               NOTED FOR:  April 23, 2021

14              Respondent.

15

16        The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. §

17  2254 to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the

18  referral is 28 U.S.C. § 636(b)(1)(A)–(B), and local Magistrate Judge Rules 3 and 4.

19        Petitioner, who proceeds *pro se* and is incarcerated under a 2018 judgment and sentence,

20  requests relief from his 2015 judgment and sentence for cyberstalking.  He raises as his sole

21  ground for relief an argument that the cyberstalking statute under which he was convicted (RCW

22  9.61.260) is unconstitutional.  *See* Dkt. 16, at 5.

23
24

1       However, as a threshold matter, petitioner must show that he is "in custody" pursuant to

2 the 2015 judgment and sentence for the Court to have subject matter jurisdiction over his claims,

3 and petitioner has failed to make such a showing.  On this point, petitioner argues, among other

4 things, that he should be allowed to challenge his 2015 judgment and sentence by way of a

5 challenge to his 2018 judgment and sentence.  But he fails to meet a necessary criterion:

6 showing that he has not already had a full and fair opportunity to litigate his arguments about the

7 2015 judgment and sentence.  Petitioner had such an opportunity when he pursued his direct

8 appeal in state court.  Therefore, the habeas petition should be dismissed with prejudice because

9 this court has no subject matter jurisdiction.  No certificate of appealability should issue.

**BACKGROUND**

10

11       Petitioner, who is incarcerated at the Coyote Ridge Corrections Center, initiated this

12 matter in April 2020.  Dkt. 1.  Petitioner initially filed a motion for declaratory relief (*see* Dkt.

13 7), but the Court explained that because petitioner was essentially attacking his state court

14 judgment and sentence, he had to proceed under 28 U.S.C. § 2254.  Dkt. 10, at 3; *see also* Dkt.

15 13.  Eventually, in August 2020, petitioner filed a petition for writ of habeas corpus, and the

16 Court directed service of the petition.  Dkts. 16, 22.  The Court also informed petitioner that it

17 would consider his arguments in his motion for declaratory relief (Dkt. 7) as a brief in support of

18 his habeas petition.  *See* Dkt. 24, at 1–2.

19       The petition raises one ground for relief:  that the cyberstalking statute "is

20 unconstitutionally overbroad and vague in violation of the First Amendment."  Dkt. 16, at 5.  In

21 January 2021, respondent filed the answer to the petition and record of state court proceedings.

22 Dkts. 26, 27.  Petitioner has filed his response (Dkt. 32), and the matter is ripe for decision.

23

24

REPORT AND RECOMMENDATION - 2

1    The state court record sets forth the following underlying facts.  In July 2015, a King

2    County jury found petitioner guilty of nine counts of cyberstalking.  Dkt. 27-1, at 2, 9.  The

3    Court need not summarize the facts leading to the conviction, because this report focuses instead

4    on the procedural issue presented.  It is sufficient to summarize that the State's evidence showed

5    that over a course of several years, petitioner sent hostile and threatening messages to four

6    women, including describing horrific ways in which he stated that he intended to kill them.  *See*

7    Dkt. 27-1, at 366–71.

8    The King County Superior Court sentenced petitioner to 25 months of confinement under

9    the prison-based special drug offender sentencing alternative ("DOSA") and 25 months of

10   community custody.  Dkt. 27-1, at 5.  However, in June 2016, the Department of Corrections

11   ("DOC") reported that petitioner had violated conditions of his DOSA sentence (*see* Dkt. 27-1, at

12   15–18), and his DOSA sentence was revoked.  Dkt. 27-1, at 22.  Petitioner returned to DOC

13   custody until August 17, 2017, when he was released from custody.  Dkt. 27-1, at 33.

14   Petitioner appealed his conviction and sentence.  *See* Dkt. 27-1, at 38.  In September

15   2017, shortly after petitioner's release from custody, Division One of the Washington State

16   Court of Appeals affirmed petitioner's convictions on direct appeal, including rejecting

17   petitioner's argument that the cyberstalking statute is unconstitutionally overbroad and vague.

18   Dkt. 27-1, at 366.

19   Petitioner then filed a petition for review in the Washington Supreme Court, including

20   reasserting his argument regarding the allegedly unconstitutional nature of the cyberstalking

21   statute.  Dkt. 27-1, at 393.  In January 2018, the Supreme Court denied review, and the Court of

22   Appeals issued the mandate.  Dkt. 27-1, at 447, 449.  On April 30, 2018, the United States

23

24

1    Supreme Court also denied petitioner's *pro se* petition for writ of certiorari.  Dkt. 27-1, at 491;

2    *see also* Dkt. 27-1, at 512 (denying petition for rehearing).

3        While his direct appeal was pending, petitioner also filed a motion for relief from

4    judgment, which, in February 2016, the superior court transferred to Division One as a personal

5    restraint petition.  Dkt. 27-1, at 522, 525.  Division One stayed the petition because the direct

6    appeal was pending.  Dkt. 27-1, at 525.  The stay lifted June 21, 2018, and Division One

7    dismissed the personal restraint petition.  Dkt. 27-1, at 528–29.  Petitioner did not seek further

8    review, and a certificate of finality issued on August 10, 2018.  Dkt. 27-1, at 530.

9        Subsequently, on September 13, 2018, in an entirely separate proceeding, a jury found

10   petitioner guilty of five counts of felony harassment and one count of intimidating a judge.  Dkt.

11   27-1, at 532, 537.  On November 7, 2018, the Walla Walla County Superior Court sentenced

12   petitioner to consecutive sentences totaling 402 months.  Dkt. 27-1, at 535.  Recently, Division

13   Three of the Washington State Court of Appeals reversed those convictions and remanded the

14   matter for a new trial.  *See* Dkt. 34, at 4 (filed March 2, 2021).  Again, the facts giving rise to

15   those charges need not be discussed here.  Suffice it to say, he remains incarcerated on those

16   charges and not the earlier conviction.

17                              **DISCUSSION**

18       Respondent does not address the merits of petitioner's ground for relief and instead

19   argues that the Court lacks subject matter jurisdiction over the petition because petitioner is not

20   "in custody" pursuant to the 2015 King County judgment and sentence, among other things.

21   Dkt. 26, at 7.  This Court agrees that petitioner has not shown that he is "in custody" pursuant to

22   the King County judgment and sentence and his petition should therefore be dismissed.

23

24

### I.  "In Custody" Legal Principles

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"  *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)).  The requirement of being "in custody" means that a petitioner must suffer "present restraint from a conviction" at the time that the petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490–92 (1989).  If a petitioner is not "in custody" pursuant to the judgment being challenged, the Court lacks subject matter jurisdiction over the petition.  *See, e.g.*, *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994).

One can be "in custody" without being in *physical* custody:  a petitioner is "in custody" if he is subject to a significant restraint on his liberty that is not generally shared by the public. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam).  Being "in custody" thus includes being on probation (*Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005)) and other situations in which one's freedom is "significantly confine[d] and restrain[ed]." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

### II.  Analysis

Petitioner acknowledges that he was released from custody under his 2015 cyberstalking convictions in 2017.  Dkt. 17, at 5.  But petitioner makes two arguments that notwithstanding his 2017 release from custody, he remains "in custody" for purposes of his habeas conviction. These two arguments are addressed in turn, below.

#### A.  Collateral Consequences

First, petitioner argues that the collateral consequences of his 2015 judgment and sentence render him "in custody" for purposes of challenging that judgment and sentence.  Dkt. 17, at 5.  Specifically, petitioner asserts that he cannot take a "Professional Engineers"

1    examination without paying an extremely expensive bond, which he cannot afford.  Dkt. 17, at 5.

2    And petitioner asserts that he cannot travel outside the United States, which he claims a future

3    career would most likely require.  Dkt. 17, at 6.

4         Being "in custody" does not necessarily require that one is "in physical custody."  *See*

5    *Jones*, 371 U.S. at 239.  Nonetheless, as a general matter, the collateral consequences that

6    typically flow from a criminal conviction and surviving the expiration of the sentence are not

7    sufficient to render a petitioner "in custody."  *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th

8    Cir. 1998) ("Yet, even as the Supreme Court has expanded the reach of the 'in custody'

9    requirement, it has consistently recognized a clear limitation: '[O]nce the sentence imposed for a

10   conviction has completely expired, the collateral consequences of that conviction are not

11   themselves sufficient to render an individual in custody for the purposes of a habeas attack upon

12   it.'"  (quoting *Maleng*, 490 U.S. at 492)).  Such typical consequences include being unable to

13   vote, engage in certain business, hold public office, or serve as a juror.  *Id.*

14        Turning to petitioner's arguments that particular consequences render him "in custody,"

15   first, the Court finds that being unable to take a professional examination without paying an

16   expensive bond is not sufficient to render petitioner in custody.  *See, e.g.*, *Lefkowitz v. Fair*, 816

17   F.2d 17, 20 (1st Cir. 1987) (holding that revocation of a medical license is not sufficient to place

18   one in custody), *cited in Williamson*, 151 F.3d at 1183.  Second, petitioner fails to provide

19   argument or evidence explaining why his 2015 judgment and sentence prevents him from

20   international travel.  It is petitioner's burden to provide the Court with such evidence or

21   argument in support of his claims, and his failure to do so merits denial of his petition in this

22   regard.  Moreover, petitioner does not respond to respondent's argument that it is petitioner's

23

24

1    current confinement due to his 2018 convictions that prevents him from travel—not his 2015

2    judgment and sentence.  *See* Dkt. 26, at 15.

3         In support of his contentions, petitioner cites to a number of cases addressing whether a

4    habeas petition is moot.  *See* Dkt. 17, at 3–5.  But before addressing the question of mootness,

5    the Court must find that it has subject matter jurisdiction.  That is, if a petitioner was not "in

6    custody" at the time of filing the petition, the Court will not address the issue of mootness, which

7    arises where a petitioner is released or is otherwise no longer "in custody" *after* a habeas petition

8    is filed.  *See, e.g.*, *Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983).

9         Petitioner fails to show that the collateral consequences of his 2015 conviction and

10   sentence render him "in custody."

11                    **B. Enhanced Sentence**

12        Alternatively, petitioner argues that he is in custody because his 2015 cyberstalking

13   convictions were used to substantially increase the standard range sentences for his 2018

14   convictions.  Dkt. 17, at 7; *see also* Dkt. 32, at 2.  Petitioner relies on the principles set forth in

15   *Maleng v. Cook*, 490 U.S. 488 (1989); *Lackawanna County District Attorney v. Coss*, 532 U.S.

16   394, 401 (2001); and *Dubrin v. People of California*, 720 F.3d 1095, 1098 (9th Cir. 2013).  *See*

17   Dkt. 17, at 5–6.

18        In *Maleng v. Cook*, the Supreme Court was presented with the question of whether one is

19   "in custody" where a sentence has expired but could be used to enhance a future sentence.  490

20   U.S. at 492.  The Court explained that "[w]hile we have very liberally construed the 'in custody'

21   requirement for purposes of federal habeas, we have never extended it to the situation where a

22   habeas petitioner suffers no present restraint from a conviction."  *Id.  Maleng* held that even if

23   this possibility materializes, and a second sentence is actually imposed and increased by virtue of

24

1    the prior convictions, petitioner is nevertheless not "in custody" for purposes of challenging the

2    first, expired sentence. *Id.* at 492–93.

3        *Maleng* left unanswered, however, "the extent to which the [prior expired] conviction

4    itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to

5    enhance." *Id.* at 494.  In 2001, the Court addressed this question, in *Lackawanna County District*

6    *Attorney v. Coss*.  The Court held that if an earlier conviction "is later used to enhance a criminal

7    sentence, the defendant generally may not challenge the enhanced sentence through a petition

8    under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  532 U.S.

9    at 403–04.  *Lackawanna County* did allow for a challenge to an enhanced sentence on the basis

10   that the prior conviction used to enhance the later sentence was obtained where there was a

11   failure to appoint counsel in violation of the Sixth Amendment.  *Id.* at 404.  But this is a

12   challenge that results in vacating the later sentence—not the prior convictions.  *See id.* at 404.

13       Pertinent to petitioner's arguments in this matter, a plurality opinion in *Lackawanna*

14   *County* also left open the question of whether habeas relief might be available where "a

15   defendant can[not] be faulted for failing to obtain timely review of a constitutional claim"

16   regarding the earlier conviction or where "after the time for direct or collateral review has

17   expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime. . . ."

18   532 U.S. at 405.  In *Lackawanna County*, the plurality stated that "[i]n such situations, a habeas

19   petition directed at the enhanced sentence may effectively be the first and only forum available

20   for review of the prior conviction" but left open the question of "whether, or under what precise

21   circumstances, a petitioner might be able to use a § 2254 petition in this manner."  *Id.* at 406.

22       In *Dubrin v. People of California*, the Ninth Circuit held that a claim may proceed in the

23   circumstances described by the *Lackawanna County* plurality.  720 F.3d at 1098.  These

24

REPORT AND RECOMMENDATION - 8

circumstances, as described in *Dubrin*, are whether the "State's courts, 'without justification,

refuse to rule on a constitutional claim that has been properly presented to them.'" *Id.* at 1098

(quoting *Lackawanna County*, 532 U.S. at 405). In addition, the Court looks to whether allowing

the petition would undermine "the ease of administration of challenges to expired state

convictions" or would impose "no serious administrative burdens . . . on the federal habeas

system." *Id.* at 1098–99 (quoting *Lackawanna County*, 532 U.S. at 403).

     Petitioner focuses on the language in *Dubrin* and argues that he should be allowed to

bring his petition because through no fault of his own, he was unable to receive review of his

constitutional claims regarding the 2015 convictions. Dkt. 32, at 8. Petitioner asserts that he was

unable to receive review because he was released from confinement under the 2015 judgment

and sentence before he could bring a habeas petition. Dkt. 32, at 8.

     As a preliminary matter, the Court notes that even if petitioner fit within an exception to

the general rule that a petitioner may challenge an earlier conviction by way of a habeas petition

challenging the later, enhanced, sentence, petitioner would be confined to arguing that the *second*

conviction (in Walla Walla County Superior Court) was invalid. But petitioner seeks to have his

2015 cyberstalking convictions vacated—not his 2018 Walla Walla County Superior Court

convictions. The habeas petition is not reasonably construed as attacking the 2018 Walla Walla

Superior Court convictions.

     In any event, petitioner fails to show that the circumstances related to his 2015 judgment

and sentence fit within the exception set forth in *Dubrin*. Petitioner fails to establish that he

meets the essential criterion of showing that the State court "without justification, refuse[d] to

rule on a constitutional claim that has been properly presented to them." 720 F.3d at 1098

(internal citation and quotation marks omitted). Related to his 2015 judgment and sentence,

1    petitioner, through appellate counsel, appealed to Division One and raised his constitutional

2    challenge that the cyberstalking statute is unconstitutionally overbroad and vague. *See* Dkt. 27-

3    1, at 40. Division One addressed this argument at length and disagreed. *See* Dkt. 27-1, at 377–

4    386. Both the Washington State and U.S. Supreme Courts refused to accept review. *See* Dkt.

5    27-1, at 394 (counsel's petition for review in state court, including constitutional argument); Dkt.

6    27-1, at 447 (ruling denying review); Dkt. 27-1, at 491. Because petitioner was able to challenge

7    the constitutionality of the cyberstalking statute through his counsel's arguments on direct

8    appeal, which the state court considered and rejected, his is not a case where he "was denied a

9    full and fair opportunity to litigate in a prior forum." *Dubrin*, 720 F.3d at 1098.

10       The Court notes that although petitioner lists only the constitutionality of the

11    cyberstalking statute as a ground for review in his habeas petition, he also appears to reassert

12    claims related to a jury instruction regarding the definition of a "true threat" in briefing in

13    support of his habeas petition. *See* Dkt. 7, at 30. Even if these arguments were properly asserted

14    in support of a ground for review listed in the habeas petition, however, petitioner presented

15    these arguments to Division One, as well—and that Court entered a lengthy opinion explaining

16    why it disagreed. *See* Dkt. 27-1, at 423; *see also* Dkt. 27-1 (petition for review requesting that

17    the Court accept review of the argument related to the jury instructions).

18       Petitioner misapprehends *Dubrin* when he argues that the forum he was entitled to was a

19    habeas petition asserting his challenge to the 2015 convictions in federal court. Neither *Dubrin*

20    nor *Lackawanna County* holds or suggests that petitioner was entitled to have his arguments

21    heard on collateral review in federal court. In fact, *Dubrin* explicitly applies when a defendant

22    "did not receive a full and fair opportunity to obtain *state-court review* of his prior conviction."

23    720 F.3d at 1098 (emphasis added). Petitioner had just such an opportunity here.

24

1    And the prudential considerations identified in *Lackawanna County* as justifying the

2    general rule prohibiting a challenge on a prior conviction apply strongly here:  the State has

3    afforded petitioner the opportunity for direct attack on his conviction and that conviction is now

4    final, notwithstanding petitioner's unsuccessful attacks on it on direct appeal.  *See Lackawanna*

5    *County*, 532 U.S. at 402.  Thus, there is a strong interest in preserving the integrity of the state

6    court's judgment.  *Id.* at 403.

7    Anticipating this conclusion, petitioner argues that he was not given a full and fair

8    opportunity to litigate the issue in prior forums because the argument that he brings, now, has

9    "some substantive nuances, some subtle distinctions in the relevant case law. . . ."  Dkt. 32, at 9.

10   This appears to be a reference to the difference between proceeding on collateral review in

11   federal court and on direct appeal in state court, because petitioner acknowledges that he is

12   bringing "virtually identical" substantive claims to the ones that he presented on direct appeal.

13   Dkt 32, at 20.   Where—by his own concession—he presents "virtually identical" substantive

14   claims to those presented on direct appeal (and where the cases on which he relies (*see* Dkt. 32,

15   at 20–25) are notably the same ones his counsel presented in support of his argument in state

16   court (*see* Dkt. 27-1, at 348)), the Court does not agree that he lacked a full and fair opportunity

17   to litigate those claims in the state forum.

18   Even if petitioner were presenting different arguments in support of his overall assertion

19   that the cyberstalking statute is unconstitutional the Court does not agree that petitioner can avail

20   himself of the exception in *Dubrin* simply by "subtl[y]" changing his arguments.  Petitioner has

21   simply not shown that his direct appeal in state court was somehow not a full and fair

22   opportunity to litigate the issues he raises herein.

23

24

1    Finally, the Court notes that petitioner has also filed a "motion for declaratory relief" that

2    the Court stated it would consider as a supplemental brief in support of the habeas petition.  *See*

3    Dkt. 24.  The Court has reviewed the arguments in this brief (Dkt. 7), which pertain to

4    petitioner's arguments relevant to the legality of his 2015 convictions, and does not further

5    address them because resolution of those arguments is unnecessary to decide this petition.  *See*

6    *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009) (holding that a federal court must have

7    subject matter jurisdiction to consider a habeas corpus claim before it may reach the merits of the

8    claim).  Similarly, the Court does not address the parties' additional arguments regarding the

9    timeliness of the petition.

10                                **CERTIFICATE OF APPEALABILITY**

11    Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

12    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

13    (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

14    has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

15    2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

16    disagree with the district court's resolution of his constitutional claims or that jurists could

17    conclude the issues presented are adequate to deserve encouragement to proceed further."

18    *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

19    (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

20    certificate of appealability with respect to this petition.

21                                     **EVIDENTIARY HEARING**

22    The decision to hold an evidentiary hearing is committed to the Court's discretion.

23    *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such

24

1   a hearing could enable an applicant to prove the petition's factual allegations, which, if true,

2   would entitle the applicant to federal habeas relief." *Id.* at 474.  In determining whether relief is

3   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

4   state court. *Cullen*, 563 U.S. at 181-82.  A hearing is not required if the allegations would not

5   entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

6   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

7   court is not required to hold an evidentiary hearing." *Id.*  The Court does not find it necessary to

8   hold an evidentiary hearing because, as discussed in this report and recommendation, petitioner's

9   grounds for relief may be resolved on the existing state court record.

10                                  **CONCLUSION**

11          The habeas petition (Dkt. 16) should be dismissed with prejudice, and a certificate of

12   appealability should be denied.

13          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

16   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

17   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

18   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

19   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

20   23, 2021, as noted in the caption.

21          Dated this 2nd day of April, 2021.

22

23          _____
            J. Richard Creatura
24          Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 13