THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SLOAN STANLEY,

            Petitioner,

    v.

JEFFREY UTTECHT,

            Respondent.

CASE NO. C20-5399-JCC

ORDER

This matter comes before the Court on Petitioner Sloan Stanley's objections (Dkt. No. 36) to the Report and Recommendation (R&R) of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 35). Having thoroughly considered the R&R and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections and ADOPTS the R&R for the reasons explained herein.

I.     **BACKGROUND**

Judge Creatura's R&R sets forth the underlying facts of the case and the Court will not repeat them here except as relevant. (*See* Dkt. No. 35 at 2–4.) Petitioner brings this 28 U.S.C. § 2254 habeas action to challenge his 2015 cyberstalking conviction. (*See generally* Dkt. Nos. 16, 17.) Petitioner argues that the cyberstalking statute under which he was convicted is unconstitutionally overbroad and vague in violation of the First Amendment. (Dkt. Nos. 7 at 6-40, 16 at 5.) Petitioner finished serving his sentence on the 2015 cyberstalking conviction in

August 2017. (Dkt. No. 27-1 at 33.) When he filed this § 2254 petition, he was serving a sentence for a 2018 felony harassment conviction that was enhanced based on his prior cyberstalking conviction. (*Id.* at 532, 537.) Judge Creatura recommends the Court dismiss Mr. Stanley's petition with prejudice and decline to issue a certificate of appealability. (Dkt. No. 35 at 13.)

## II. DISCUSSION

### A. Legal Standard

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. The "In Custody" Requirement

A habeas petitioner must be in custody under the conviction or sentence that he is attacking at the time the petition is filed. 28 U.S.C. § 2254(a). This requirement is jurisdictional. *Maleng v. Cook*, 49 U.S. 488, 490 (1989). A petitioner is not "'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Id.* at 491.

When a *pro se* prisoner's petition can be construed as asserting not a direct challenge to an expired conviction but rather, a challenge to a present sentence that is enhanced by an allegedly unlawful expired sentence, then the Court should so construe it rather than dismissing

the petition for lack of subject matter jurisdiction. *See id.* at 493. But even in those circumstances, although the "in custody" requirement is satisfied, the Court generally must still dismiss the petition because § 2254 does not provide a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired. *Lackawanna Cty. v. Coss*, 532 U.S. 394, 403–04 (2001). Once a state conviction is no longer open to direct or collateral attack in its own right, the conviction may be regarded as conclusively valid, even if used to enhance a criminal sentence in a later case. *Id.*

The Supreme Court articulated an exception to this general rule where the alleged constitutional violation in the prior criminal proceeding involved the failure to appoint counsel in violation of the Sixth Amendment. *Id*. Additionally, the Supreme Court identified two other possible exceptions: (1) when a petitioner cannot not be faulted for failing to obtain a timely review of a constitutional claim and (2) when a petitioner obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id*. at 407. The Ninth Circuit recognized the former exception in *Dubrin v. California*, holding that when a state court "without justification refuses to rule on a constitutional claim that has been properly presented to it," the *Lackawanna* bar does not apply. 720 F.3d 1095, 1099 (9th Cir. 2013). Additionally, the Ninth Circuit has held that a habeas petitioner is "in custody" for purposes of challenging an earlier expired conviction as long as the prior offense was a "necessary predicate" for a current conviction or sentence. *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001).

Judge Creatura concluded that Petitioner may not challenge his 2015 conviction directly because he does not meet the "in custody" requirement and therefore the Court lacks subject matter jurisdiction. (Dkt. No. 35 at 2, 5–7.) Judge Creatura also concluded that the petition here cannot reasonably be construed as attacking Petitioner's present enhanced sentence, but even if it could, none of the exceptions to the *Lackawanna* bar apply. (*Id.* at 9.) Petitioner filed objections to Judge Creatura's R&R. (Dkt. No. 36.)

**C.     Petitioner's Objections**

Petitioner lodged a number of general objections to Judge Creatura's R&R, which the Court will not address. *See Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). He also lodged the following specific objections: (1) Judge Creatura erred by finding that Petitioner had a "full and fair opportunity" to have his arguments considered by the state court and therefore the *Dubrin* exception is inapplicable; (2) Judge Creatura erred by failing to consider his actual innocence argument; and (3) Judge Creatura erred by not considering whether the *Zichko* exception applies.

1. Full and Fair Opportunity

Petitioner argues that Judge Creatura erred by finding that the *Dubrin* exception to the *Lackawanna* bar is not applicable in this case. The Ninth Circuit in *Dubrin* held that a petitioner could challenge a conviction on the basis that it was enhanced by a prior unconstitutional conviction when state courts, without justification, refuse to rule on a constitutional claim presented to them. 720 F.3d at 1098 (quoting *Lackawanna*, 532 U.S. at 405). Judge Creatura determined that Petitioner makes essentially the same arguments that were already considered and rejected by the state courts. Accordingly, Judge Creatura found that *Dubrin* was not applicable because Petitioner had a "fair and full opportunity" to have his arguments heard in state court.

As an initial matter, Petitioner reiterates his argument that *Dubrin* applies because Petitioner was released from custody before he could bring a habeas petition. (Dkt. No. 36 at 11.) However, the relevant consideration under *Dubrin* is not whether the petitioner was afforded the opportunity to present his case in federal court, but whether a *state* court "without justification, refuse[d] to rule on a constitutional claim that has been properly presented" to it. *Dubrin*, 720 F.3d at 1098 (quoting *Lackawanna*, 532 U.S. at 405). Accordingly, the procedural requirements that prevented Petitioner from filing this petition in federal court while still in custody for his 2015 conviction do not affect the *Dubrin* analysis.

Petitioner also objects to Judge Creatura's determination on the basis that the arguments he makes in his current petition are different than the arguments he presented in his state court appeal. (Dkt. No. 36 at 14.) Specifically, he argues that he was denied a "full and fair opportunity" to have his claims considered by the state court because his current petition focuses on a different provision of the statute. *Id*. at 15. However, this argument is not persuasive because by Petitioner's own admission "the overbreadth and vagueness claim I now bring has the same substantive principles as the claim my appellate attorney brought." (Dkt. No. 17 at 12.) Moreover, Petitioner admits "the substance of my federal habeas corpus claim has been fairly presented to the state courts" *Id*. at 14. Accordingly, Judge Creatura correctly found that Petitioner has had the opportunity to litigate his claims in the state forum. (Dkt. No. 35 at 10.)

Next, Petitioner argues that there is "virtually no difference between *Dubrin* and the current case" because the state court made a "clearly erroneous ruling" when considering his claim. (Dkt. No. 36 at 14.) However, as Judge Creatura correctly pointed out, Petitioner received a full substantive review of his arguments challenging his 2015 conviction on the merits. (*See generally* Dkt. No. 27-1.) These circumstances are a far cry from *Dubrin*, where the state courts summarily dismissed the petitioner's state habeas petition based on the erroneous conclusion that he was not "in custody" and did *not* reach the merits of his claim. 720 F.3d at 1096. This is not a situation where this Court is the "first and only forum available for review of [his] prior conviction." *Id.* at 1099. Additionally, unlike in *Dubrin*, there was no clear error made by the state court. (Dkt. No. 27-1.) Simply because Petitioner disagrees with the appellate court's judgment does not make it "clearly erroneous."

The Court agrees with Judge Creatura's recommendation and concludes that the *Dubrin* exception does not apply to this case.

2. <u>Actual Innocence</u>

Petitioner also claims that Judge Creatura erred by not considering his actual innocence argument. The Supreme Court in *Lackawanna* held that a Petitioner could not use a habeas

petition to challenge a sentence that was enhanced due to an allegedly unconstitutionally obtained prior sentence. 532 U.S. at 404. However, the Supreme Court left open whether a petitioner could challenge an enhanced sentence after the time for direct or collateral review has expired when a defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id*. at 407.

Petitioner claims that he has compelling evidence of his actual innocence that he could not have uncovered in a timely manner. (Dkt. No. 32 at 39.) The "new evidence" presented by Petitioner is that (1) the jury was not presented all of the messages between Petitioner and the victims, and (2) the jury instructions were flawed because they did not allow the jury to evaluate the messages for subjective intent. *Id*. This "evidence" is not new. Petitioner argued that the jury should be instructed on subjective intent during his trial in 2015. (Dkt. No. 27-1 at 46.) A valid claim of actual innocence requires a petitioner to introduce new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, proving he is factually innocent. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Additionally, Petitioner confuses legal innocence with factual innocence. To successfully establish an actual innocence claim, a petitioner must establish factual innocence, not mere legal insufficiency. *Jaramillo v. Stewart*, 340 F.3d 877, 882-883 (9th Cir. 2003); *see also Reiswig v. Miller*, 2013 WL 3779735, slip op. at 2 (C.D. Cal. 2013) (petitioner did not have an actual innocence claim when she "merely regurgitated her contentions that the … convictions resulted from erroneous jury instructions" which went to "the issue of petitioner's legal innocence, not her actual innocence"); *Rodriguez v. Pacholke*, 2008 WL 2562924, slip op. at 1 (E.D. Wash. 2008) (petitioner's conclusory allegation of legal innocence was insufficient to demonstrate actual innocence); *Booker v. Ryan*, 2013 WL 5913808, slip op. at 2–3 (D. Ariz. 2013) (petitioner's actual innocence claim rejected because petitioner's argument that the jury was not properly instructed is purely legal and did not involve evidence that was not available or

presented at trial). Petitioner does not provide new evidence that he is factually innocent. Instead, he claims that "the prior evidence is to be presented in such a way that it takes on the form of evidence that was effectively never presented to the trial jury." (Dkt. No. 32 at 40.) This argument does not establish that the *Lackawanna* actual innocence exception applies because the exception requires *new* evidence that he could *not* have uncovered in a timely manner. 532 U.S. at 407.

### 3. Positively and Demonstrably Related

Finally, Petitioner argues that Judge Creatura erred by not considering whether he is "in custody" under *Zichko*. (Dkt. No. 36 at 20–21.) *Zichko* involved a petitioner who attempted to challenge his underlying expired rape conviction while he was in custody for failing to register as a sex offender. *Zichko v. Idaho*, 47 F.3d 1015, 1018 (9th Cir. 2001). The court allowed him to challenge the underlying offense because the expired rape conviction was a "necessary predicate" for his conviction for failing to register. *Id.* at 1019. Petitioner claims *Zichko* is applicable because his two offenses are "positively and demonstrably related." (Dkt. No. 36 at 20–21.) He argues that the *Zichko* exception applies because (1) the evidence from his 2015 conviction was used in the prosecution of his 2018 offense and (2) the victims in his 2018 offense were either involved in the prosecution of his 2015 offense or were previous victims. *Id*. However, unlike in *Zichko*, Petitioner's 2015 conviction was not a necessary predicate to his 2018 conviction. Petitioner could have committed the offense of felony harassment for which he was convicted in 2018 even if he had not been convicted in 2015. Accordingly, *Zichko* does not apply to this case.

## III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Petitioner's objections (Dkt. No. 36) to the R&R are OVERRULED;
2. The Court ADOPTS the R&R (Dkt. No. 35);
3. The habeas petition (Dkt. No. 16) and this action are DISMISSED with prejudice;

4. A certificate of appealability is denied;

5. The Clerk is DIRECTED to send copies of this order to the parties and to Judge Creatura and to close this case.

DATED this 14th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE